# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MEGAN SMITH

### DEFENDANTS
SHK MANAGEMENT, INC. -and- KORMAN COMMUNITIES, INC.

**(b)** County of Residence of First Listed Plaintiff: **CHESTER**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **MONTGOMERY**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brian C. Farrell, Esq. #319145  The Gold Law Firm, P.C.
1835 Market St., Ste. 515, Phila, PA 19103  215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CIVIL RIGHTS**: [X] 442 Employment

*(Other nature-of-suit categories listed but not selected.)*

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII") -and- Pregnant Workers Fairness Act ("PWFA")

Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** 150,000 IN EXCESS
- CHECK YES only if demanded in complaint: **JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 01/21/2025

SIGNATURE OF ATTORNEY OF RECORD
/s/BRIAN C. FARRELL, ESQUIRE  I.D. No.: #319145  Attorney For Plaintiff

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 580 W. Germantown Pike, Suite 200, Plymouth Meeting, PA 19462

---

*RELATED CASE IF ANY:*  Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ■ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. [XX] **Employment**
9. ☐ Labor-Management Relations
10. ☐ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ Cases Seeking Systemic Relief  *see certification below*
16. ☐ All Other Federal Question Cases. *(Please specify)*:_____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)*:_____
7. ☐ Products Liability
8. ☐ All Other Diversity Cases: *(Please specify)*_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ■ **does not** have implications beyond the parties before the court and ☐ **does** / ■ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[XX]  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| MEGAN SMITH | : | CIVIL ACTION |
| v. | : | |
| SHK MANAGEMENT, INC. -AND- KORMAN COMMUNITIES, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (☑)

| | | |
|---|---|---|
| 01/21/2025 | /s/ Brian C. Farrell, Esq. | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | bfarrell@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MEGAN SMITH, | : |
| *Plaintiff,* | : C.A. NO.: |
| v. | : |
| | : JURY TRIAL DEMANDED |
| SHK MANAGEMENT, INC., | : |
| -and- | : |
| KORMAN COMMUNITIES, INC., | : |
| *Defendants.* | : |

**CIVIL ACTION COMPLAINT**

**I.      INTRODUCTION**

1. Plaintiff Megan Smith ("Smith") brings this action against Defendants SHK Management, Inc., and Korman Communities, Inc. (collectively, "Defendants"), seeking redress for discrimination based on sex and pregnancy in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Pregnant Workers Fairness Act ("PWFA"), and the Pennsylvania Human Relations Act ("PHRA").

2. Smith alleges that Defendants unlawfully terminated her employment on September 15, 2023, based on her sex (female) and pregnancy.

3. Smith seeks economic damages, compensatory damages, punitive damages, attorneys' fees, and any other relief the Court deems just and proper.

1

**II.     JURISDICTION AND VENUE**

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 because Smith asserts claims under federal law, including Title VII and the PWFA.

5. This Court has supplemental jurisdiction over Smith's state law claims under the PHRA pursuant to 28 U.S.C. §1367.

6. Venue is proper in this district under 28 U.S.C. §1391(b) because the acts giving rise to Smith's claims occurred within this judicial district.

7. All administrative requirements and conditions precedent to the filing of this action under Title VII, the PWFA, and the PHRA have been satisfied by Smith.

8. On October 6, 2023, Smith dual-filed a Charge of Discrimination against the Defendants with the Pennsylvania Human Relations Commission ("PHRC") and the Equal Employment Opportunity Commission ("EEOC"), in which she complained of the acts of discrimination alleged herein.

9. On November 17, 2023, Smith dual-filed an Amended Charge of Discrimination against Defendants with the PHRC and EEOC.

10. On December 4, 2024, the EEOC issued to Smith a Notice of Right to Sue. Smith has filed this civil action within 90 days of his receipt of this notice.

**III.    PARTIES**

11. Plaintiff Megan Smith is an adult woman and resident of Pennsylvania. At all relevant times, Smith was employed by Defendants as General Manager of Defendants' "AVE" property located in Malvern, Pennsylvania.

12. Defendant SHK Management, Inc., is a Pennsylvania corporation and subsidiary of Defendant Korman Communities, Inc.

13. Defendant Korman Communities, Inc., is a Pennsylvania corporation with its principal place of business located in Plymouth Meeting, Pennsylvania, and is engaged in the operation of residential properties.

14. Upon information and belief, Defendants are sufficiently interrelated and interconnected in their business operations to constitute a "single" or "joint" employer for purposes of employer liability under Title VII, the PWFA, and the PHRA.

IV. **FACTUAL ALLEGATIONS**

15. Smith was employed by Defendants from June 19, 2023, until September 15, 2023.

16. During her employment, Smith held the position of General Manager at one of Defendants' AVE properties located in Malvern, which offer upscale residential living and resort-style amenities.

17. Smith was qualified for her position and performed her job duties satisfactorily or better.

18. In mid-July 2023, Smith disclosed her pregnancy to Defendants and informed them of her intention to take maternity leave in February 2024 following the birth of her child.

19. Despite experiencing severe morning sickness during the first trimester of her pregnancy, Smith diligently performed her job duties and continued to excel in her role.

20. On September 14, 2023, Smith attended a 90-day check-in meeting with her immediate supervisor, Sydney Szopo, and the Vice President of Human Resources, Molly Marr.

21. During this meeting, Smith expressed concerns about the overwhelming workload and lack of coverage on her assigned property, which had been exacerbated by the recent departure of two employees. At the time, Smith had been fulfilling multiple roles, including

Leasing Manager and Guest Services Representative, along with her duties as General Manager. Szopo informed Smith that "the property has not been properly run for the past three years," and that "morale has been low that entire time."

22. Smith became visibly upset during the September 14, 2023 meeting. Smith apologized for her emotional state and told Szopo and Marr that her reaction was due to her "pregnancy hormones." In response, Marr stated that the job may not be "a good fit" for Smith and further remarked: "look how unhappy you are." Smith opposed this characterization and responded that she enjoyed her role despite the heavy workload.

23. The next day, September 15, 2023, Marr came to Smith's office unannounced.

24. Marr again expressed the view that the job may not be "a good fit" for Smith and repeated her same comment from the day prior: "look how unhappy you are."

25. Marr then unexpectedly informed Smith that she would be paid for two more weeks of work but did not provide a reason for this decision. When Smith sought clarification, Marr stated that Smith was not being terminated but was nonetheless required to leave the company immediately.

26. Marr's directive to Smith that she leave the premises immediately on September 15, 2023 amounted to a termination of Smith's employment. Smith did not resign.

27. On or about September 16, 2023, Smith discovered that Defendants were advertising her position as vacant on LinkedIn.

28. Smith was never reprimanded or provided negative feedback regarding her performance prior to her termination. Her termination came as a complete surprise.

29. Smith's sex and pregnancy were motivating and/or determinative factors in Defendants' decision to terminate her employment.

4

## COUNT I- Title VII
### Sex/ Pregnancy Discrimination
### Plaintiff v. Defendants

30. Smith incorporates by reference the allegations set forth in paragraphs 1 through 29 as though fully set forth herein.

31. Defendants discriminated against Smith based on her sex and pregnancy in violation of Title VII.

32. As a direct and proximate result of Defendants' actions, Smith suffered damages, including lost wages, emotional distress, and harm to her professional reputation.

## Count II- Pregnant Workers Fairness Act
### Pregnancy Discrimination
### Plaintiff v. Defendants

33. Smith incorporates by reference the allegations set forth in paragraphs 1 through 32 as though fully set forth herein.

34. Defendants' actions constitute discrimination based on pregnancy in violation of the PWFA.

35. As a direct and proximate result of Defendants' actions, Smith suffered damages, including lost wages, emotional distress, and harm to her professional reputation.

## Count III- Pennsylvania Human Relations Act
### Sex/ Pregnancy Discrimination
### Plaintiff v. Defendants

36. Smith incorporates by reference the allegations set forth in paragraphs 1 through 35 as though fully set forth herein.

37. Defendants discriminated against Smith based on her sex and pregnancy in violation of the PHRA.

38. As a direct and proximate result of Defendants' actions, Smith suffered damages, including lost wages, emotional distress, and harm to her professional reputation.

## RELIEF

**WHEREFORE**, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' unlawful conduct, and specifically requests that this Court grant her the following relief by:

(a) declaring the acts and practices complained of herein to violate Title VII, the PWFA, and the PHRA;

(b) enjoining and permanently restraining the violations alleged herein;

(c) entering judgment against Defendants and in favor of Plaintiff in an amount to be determined;

(d) awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

(e) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, reputational damages, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

(f) awarding punitive damages to Plaintiff;

(g) awarding Plaintiff such other damages as are appropriate under Title VII, the PWFA, and the PHRA;

(h) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

THE GOLD LAW FIRM, P.C.

_____
Brian C. Farrell, Esquire
Pa. Id. No.: 319145
1835 Market Street, Suite 515
Philadelphia, PA 19103
bfarrell@discrimlaw.net
(215) 569-1999
Attorney for Plaintiff, Megan Smith

Date: January 21, 2025